IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARC ALLEN MASON, PRO SE, <br> SO #33348 <br> Previous TDCJ-CID # 778038, <br> Previous TDCJ-CID # 1172158, <br><br> Plaintiff, <br><br> v. <br><br> JOEL RICHARDSON, Sheriff, <br> BRUCE EVANS, Captain, and <br> DEBBIE UNRUE, Lieutenant, <br><br> Defendants. | § § § § § § § § § § § § § § § | 2:05-CV-0088 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff MARC ALLEN MASON, acting pro se and while a prisoner incarcerated in the Randall County Jail, filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that the defendants have made an incomplete investigation into his felony complaint that, while visiting at a private residence, he was restrained and implanted with a micro-transmitter in his throat. Plaintiff says that, after five letters to the defendant Sheriff RICHARSON, he was seen by defendants EVANS and UNRUE and his throat was scanned with a handheld metal detector. He was then informed that he was mistaken about the claimed implant. As relief, plaintiff requests that effective equipment be used to detect the transceiver and a complete investigation be conducted into his complaint.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.

1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has not asserted a protected right that falls within the scope of section 1983.  Plaintiff's claims appear to be based on the alleged failure of the defendants to adequately investigate his complaint that, while at a private residence, he was restrained, sedated, and implanted with a "microwave RF tranciever [sic]" in his throat.

"[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).  A third party, even a victim of the alleged criminal acts, does not have a constitutionally protected right to have wrongdoers criminally investigated or prosecuted.  *Love v. Bolinger*, 927 F.Supp. 1131, 1137 (S.D.Ind. 1996)(family members of deceased victim not found to be entitled to prosecution of alleged murderers); *Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F.Supp. 727, 728 (D.Puerto Rico 1990)(no section 1983 action for failure to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of Spears should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

prosecute a crime where the complainant alleges he was also the crime victim); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D.Miss. 1987)(decision to prosecute a particular crime is within the authority of the state and there is no federal constitutional right to have criminal wrongdoers brought to justice ).

To the extent plaintiff is attempting to claim a violation of his right to Equal Protection, plaintiff has utterly failed to allege discrimination based on his membership in a protected class. *See*, *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999), *decision clarified on reh'g*, 196 F.3d 633. Further, as noted earlier, plaintiff has not alleged the deprivation of a federally protected right and, therefore, has alleged no basis for a liberty or property interest to invoke Due Process protections or support allegations of a violation thereof.

For the reasons set forth above, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28 United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MARC ALLEN MASON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this   21st   day of June, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

3